B1 (Official Form 1) (4/10)

| UNITED STATES BANKRUPTCY COURT | VOLUNTARY PETITION |
|---|---|

| Name of Debtor (if individual, enter Last, First, Middle): <br> Little Rest Twelve, Inc. | Name of Joint Debtor (Spouse) (Last, First, Middle): |
|---|---|
| All Other Names used by the Debtor in the last 8 years (include married, maiden, and trade names): <br> Buddha Bar, NY; Ajna Bar | All Other Names used by the Joint Debtor in the last 8 years (include married, maiden, and trade names): |
| Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN)/Complete EIN (if more than one, state all): <br> 04-3789811 | Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN)/Complete EIN (if more than one, state all): |
| Street Address of Debtor (No. and Street, City, and State): <br> 25 Little West Twelve Str. <br> New York, NY <br> ZIP CODE 10014 | Street Address of Joint Debtor (No. and Street, City, and State): <br> ZIP CODE |
| County of Residence or of the Principal Place of Business: <br> New York | County of Residence or of the Principal Place of Business: |
| Mailing Address of Debtor (if different from street address): <br> C/o Sternik, 119 W 72nd Str., #229 <br> New York, NY <br> ZIP CODE 10023 | Mailing Address of Joint Debtor (if different from street address): <br> ZIP CODE |
| Location of Principal Assets of Business Debtor (if different from street address above): <br> ZIP CODE | |

**Type of Debtor** (Form of Organization) (Check one box.)
- [ ] Individual (includes Joint Debtors) *See Exhibit D on page 2 of this form.*
- [x] Corporation (includes LLC and LLP)
- [ ] Partnership
- [ ] Other (If debtor is not one of the above entities, check this box and state type of entity below.)

**Nature of Business** (Check one box.)
- [ ] Health Care Business
- [ ] Single Asset Real Estate as defined in 11 U.S.C. § 101(51B)
- [ ] Railroad
- [ ] Stockbroker
- [ ] Commodity Broker
- [ ] Clearing Bank
- [x] Other
Dining/Entertainment

**Tax-Exempt Entity** (Check box, if applicable.)
- [ ] Debtor is a tax-exempt organization under Title 26 of the United States Code (the Internal Revenue Code).

**Chapter of Bankruptcy Code Under Which the Petition is Filed** (Check one box.)
- [x] Chapter 7
- [ ] Chapter 9
- [ ] Chapter 11
- [ ] Chapter 12
- [ ] Chapter 13
- [ ] Chapter 15 Petition for Recognition of a Foreign Main Proceeding
- [ ] Chapter 15 Petition for Recognition of a Foreign Nonmain Proceeding

**Nature of Debts** (Check one box.)
- [ ] Debts are primarily consumer debts, defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."
- [x] Debts are primarily business debts.

**Filing Fee** (Check one box.)
- [x] Full Filing Fee attached.
- [ ] Filing Fee to be paid in installments (applicable to individuals only). Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b). See Official Form 3A.
- [ ] Filing Fee waiver requested (applicable to chapter 7 individuals only). Must attach signed application for the court's consideration. See Official Form 3B.

**Chapter 11 Debtors**
Check one box:
- [ ] Debtor is a small business debtor as defined in 11 U.S.C. § 101(51D).
- [x] Debtor is not a small business debtor as defined in 11 U.S.C. § 101(51D).

Check if:
- [ ] Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,343,300 *(amount subject to adjustment on 4/01/13 and every three years thereafter).*

Check all applicable boxes:
- [ ] A plan is being filed with this petition
- [ ] Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

**Statistical/Administrative Information**  THIS SPACE IS FOR COURT USE ONLY
- [x] Debtor estimates that funds will be available for distribution to unsecured creditors.
- [ ] Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors.

**Estimated Number of Creditors**
- [x] 1-49
- [ ] 50-99
- [ ] 100-199
- [ ] 200-999
- [ ] 1,000-5,000
- [ ] 5,001-10,000
- [ ] 10,001-25,000
- [ ] 25,001-50,000
- [ ] 50,001-100,000
- [ ] Over 100,000

**Estimated Assets**
- [ ] $0 to $50,000
- [ ] $50,001 to $100,000
- [ ] $100,001 to $500,000
- [ ] $500,001 to $1 million
- [x] $1,000,001 to $10 million
- [ ] $10,000,001 to $50 million
- [ ] $50,000,001 to $100 million
- [ ] $100,000,001 to $500 million
- [ ] $500,000,001 to $1 billion
- [ ] More than $1 billion

**Estimated Liabilities**
- [ ] $0 to $50,000
- [ ] $50,001 to $100,000
- [ ] $100,001 to $500,000
- [ ] $500,001 to $1 million
- [ ] $1,000,001 to $10 million
- [x] $10,000,001 to $50 million
- [ ] $50,000,001 to $100 million
- [ ] $100,000,001 to $500 million
- [ ] $500,000,001 to $1 billion
- [ ] More than $1 billion

| **Voluntary Petition** *(This page must be completed and filed in every case.)* | Name of Debtor(s):<br>Little Rest Twelve, Inc. |
|---|---|

| All Prior Bankruptcy Cases Filed Within Last 8 Years (If more than two, attach additional sheet.) |||
|---|---|---|
| Location Where Filed: FI-SD Miami Division - Involuntary | Case Number:<br>11-17061 | Date Filed:<br>03/17/2011 |
| Location Where Filed: | Case Number: | Date Filed: |

| Pending Bankruptcy Case Filed by any Spouse, Partner, or Affiliate of this Debtor (If more than one, attach additional sheet.) |||
|---|---|---|
| Name of Debtor: | Case Number: | Date Filed: |
| District: | Relationship: | Judge: |

| **Exhibit A** | **Exhibit B** |
|---|---|
| (To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11.) | (To be completed if debtor is an individual whose debts are primarily consumer debts.)<br><br>I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter. I further certify that I have delivered to the debtor the notice required by 11 U.S.C. § 342(b). |
| ☐ Exhibit A is attached and made a part of this petition. | X _____<br>Signature of Attorney for Debtor(s)     (Date) |

**Exhibit C**

Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?

☐ Yes, and Exhibit C is attached and made a part of this petition.

☑ No.

**Exhibit D**

(To be completed by every individual debtor. If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.)

☐ Exhibit D completed and signed by the debtor is attached and made a part of this petition.

If this is a joint petition:

☐ Exhibit D also completed and signed by the joint debtor is attached and made a part of this petition.

**Information Regarding the Debtor - Venue**
(Check any applicable box.)

☑ Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.

☐ There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

☐ Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District.

**Certification by a Debtor Who Resides as a Tenant of Residential Property**
(Check all applicable boxes.)

☐ Landlord has a judgment against the debtor for possession of debtor's residence. (If box checked, complete the following.)

_____
(Name of landlord that obtained judgment)

_____
(Address of landlord)

☐ Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and

☐ Debtor has included with this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition.

☐ Debtor certifies that he/she has served the Landlord with this certification. (11 U.S.C. § 362(l)).

B1 (Official Form) 1 (4/10)

Page 3

| **Voluntary Petition** <br> *(This page must be completed and filed in every case.)* | Name of Debtor(s): **LITTLE REST TWELVE, INC.** |
|---|---|

**Signatures**

| **Signature(s) of Debtor(s) (Individual/Joint)** | **Signature of a Foreign Representative** |
|---|---|
| I declare under penalty of perjury that the information provided in this petition is true and correct. <br> [If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12 or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7. <br> [If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by 11 U.S.C. § 342(b). <br><br> I request relief in accordance with the chapter of title 11, United States Code, specified in this petition. <br><br> X _____ <br> Signature of Debtor <br><br> X _____ <br> Signature of Joint Debtor <br><br> _____ <br> Telephone Number (if not represented by attorney) <br><br> _____ <br> Date | I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition. <br><br> (Check only **one** box.) <br><br> ☐ I request relief in accordance with chapter 15 of title 11, United States Code. Certified copies of the documents required by 11 U.S.C. § 1515 are attached. <br><br> ☐ Pursuant to 11 U.S.C. § 1511, I request relief in accordance with the chapter of title 11 specified in this petition. A certified copy of the order granting recognition of the foreign main proceeding is attached. <br><br> X _____ <br> (Signature of Foreign Representative) <br><br> _____ <br> (Printed Name of Foreign Representative) <br><br> _____ <br> Date |

| **Signature of Attorney*** | **Signature of Non-Attorney Bankruptcy Petition Preparer** |
|---|---|
| X *Emanuel Zeltser* <br> Signature of Attorney for Debtor(s) <br> Emanuel Zeltser            Bruce D. Katz <br> Printed Name of Attorney for Debtor(s) <br> Sternik & Zeltser           Bruce d. Katz & Assoc. <br> Firm Name <br> 119 W 72 str., #229      160 Broadway, Ste 908 <br> New York, NY 10023       New York, NY 10038 <br> Address <br> 212-656-1810              212-233-3434 <br> Telephone Number <br> 07/12/2011 <br> Date <br><br> *In a case in which § 707(b)(4)(D) applies, this signature also constitutes a certification that the attorney has no knowledge after an inquiry that the information in the schedules is incorrect. | I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official Form 19 is attached. <br><br> _____ <br> Printed Name and title, if any, of Bankruptcy Petition Preparer <br><br> _____ <br> Social-Security number (If the bankruptcy petition preparer is not an individual, state the Social-Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.) (Required by 11 U.S.C. § 110.) <br><br> _____ <br> Address <br><br> X _____ <br><br> _____ <br> Date <br><br> Signature of bankruptcy petition preparer or officer, principal, responsible person, or partner whose Social-Security number is provided above. <br><br> Names and Social-Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual. <br><br> If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person. <br><br> *A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. § 110; 18 U.S.C. § 156.* |

| **Signature of Debtor (Corporation/Partnership)** | |
|---|---|
| I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor. <br><br> The debtor requests the relief in accordance with the chapter of title 11, United States States Code, specified in this petition. <br><br> X _____ <br> Signature of Authorized Individual <br> Nina Zajic <br> Printed Name of Authorized Individual <br> CEO <br> Title of Authorized Individual <br> 07/01/2011 <br> Date | |

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
In re : Chapter 7 Case No. _____

LITTLE REST TWELVE

Debtor.

-----------------------------------------------------------X

**STATEMENT OF CORPORATE OWNERSHIP PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 1007(a)(1) AND LOCAL RULE OF BANKRUPTCY PROCEDURE 1007-3**

    Pursuant to Rule 1007(a)(1) of the Federal Rules of Bankruptcy Procedure and Rule 1007-3 of the Local Rules for the United States Bankruptcy Court for the Southern District of New York, the undersigned CEO of LITTLE REST TWELVE, INC. ("LR12") respectfully represents as follows:

1. LR12 is a private for profit corporation organized and existing under the laws of the State of New York in March 2004.

2. 100% of the stock of the Corporation is owned by Grosvenor Trading House Limited, held in trust for Imedinvest Partners, a general partnership.

3. No other party owns 10% or more of LR12's stock. [1]

Dated: July 7, 2011
New York, New York

                                            LITTLE REST TWELVE, INC.

                            BY: _____
                                       Nina Zajic, CEO
                                       c/o Sternik & Zeltser
                                       119 West 72nd Street # 229
                                       New York, NY 10023

---

[1] Certain individuals and entities have filed competing claims to equity ownership in LR12 in pending court proceedings.

DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF CORPORATION OR PARTNERSHIP

I, [the president or other officer or an authorized agent of the corporation] named as debtor in this case, declare under penalty of perjury that I have read the foregoing LIST OF CREDITORS HOLDING 20 LARGEST UNSECURED CLAIMS and that it is true and correct to the best of my information and belief.

Date  June 15, 2011

Signature _____
Nina Zajic
Chief Executive Officer

# UNITED STATES BANKRUPTCY COURT
## Southern District of New York

In re: Little Rest Twelve, Inc.
       **Debtor**

Case No. _____
Chapter: 7

## LIST OF CREDITORS HOLDING 20 LARGEST UNSECURED CLAIMS

Following is the list of the debtor's creditors holding the 20 largest unsecured claims. The list is prepared in accordance with Fed. R. Bankr. P. 1007(d) for filing in this chapter 11 [or chapter 9] case. The list does not include (1) persons who come within the definition of "insider" set forth in 11 U.S.C.§ 101, or (2) secured creditors unless the value of the collateral is such that the unsecured deficiency places the creditor among the holders of the 20 largest unsecured claims. If a minor child is one of the creditors holding the 20 largest unsecured claims, indicate that by stating "a minor child." See 11 U.S.C. § 112; Fed. R. Bankr. P. 1007(m).

| (1) Name of creditor and complete mailing address, including zip code | (2) Name, telephone number and complete mailing address, including zip code of employee, agent or department of creditor familiar with claim who may be contacted | (3) Nature of claim (trade debt, bank loan, government contract, etc.) | (4) Indicate if claim is contingent, unliquidated, disputed or subject to setoff | (5) Amount of claim (if secured also state value of security) |
|---|---|---|---|---|
| 1. Oxana Adler, LLM<br>136 East 64th Street<br>New York, NY 10065 | Craig Pugatch, Esq.<br>101 NE Third Avenue<br>Suite 1800, Ft. Lauderdale, FL 33301<br>Telephone No. 954-462-8000 | Trade debt (professional fees) | Undisputed | $ 161,352.00 |
| 2. Ajna Brands, Inc.<br>2510 Warren Avenue<br>Cheyenne, WY 82001 | Craig Pugatch, Esq.<br>101 NE Third Avenue<br>Suite 1800, Ft. Lauderdale, FL 33301<br>Tel. 954-462-8000 | Trade debt | Undisputed | 639,753.28 |
| 3. Areal Plus Group<br>29/4 Krivonos Street,<br>Lviv, Ukraine 79008 | Andriy Bilyk, Esq.<br>29/4 Krivonos Street,<br>Lviv, Ukraine 79008 | Promissory note and confession of judgment | Undisputed | Still being ascertained but not less than $17,000,000.00 |
| 4. Axafina, Inc.<br>2510 Warren Avenue<br>Cheyenne, WY 82001 | Craig Pugatch, Esq.<br>101 NE Third Avenue<br>Suite 1800, Ft. Lauderdale, FL 33301<br>Telephone No. 954-462-8000 | Trade debt | Undisputed | 403,790.96 |
| 5. Baker Hostetler<br>45 Rockefeller Plaza<br>11th Floor<br>New York, NY 10111 | George A. Stamboulidis, Esq.<br>45 Rockefeller Plaza<br>11th Floor, New York, NY 10111<br>212.589.4211 | Trade debt (professional fees) | Disputed | $361,423.31 |

Page 1

| Creditor | Contact | Nature of Claim | Disputed | Amount |
|---|---|---|---|---|
| 6. Davidoff Malito & Hutcher LLP<br>200 Garden City Plaza, Suite 315, Garden City, New York 11530 | William Walzer, Esq.<br>200 Garden City Plaza, Suite 315, Garden City, New York 11530<br>tel. 516-247-4439 | Trade debt (professional services) | Undisputed | $97,288.00 |
| 7. Natalija Branzburg Associates<br>8800 JFK Blvd East # 6L, North Bergen, NJ 07047 | Natalija Branzburg Associates<br>8800 JFK Blvd East # 6L, North Bergen, NJ 07047 | Trade debt | Undisputed | $151,477.00 |
| 8. Alexander Fishkin, Attorney at Law. P.C.<br>366 Amsterdam Ave. # 176, New York, NY 10024 | Alexander Fishkin 366 Amsterdam Ave. # 176, New York, NY 10024, tel. 917-591-1748 | Trade debt (professional fees, secured by note and confession of judgment) | Undisputed | Still being ascertained but not lees than $821,378.00 |
| 9. M.E. Seltser, P.C.<br>119 West 72nd Street # 229, New York, NY 10023 | Emanuel Zeltser, Esq.<br>119 West 72nd Street # 229, New York, NY 10023<br>Tel. 212-656-1810 | Trade debt (professional fees, secured by note and confession of judgment) | Undisputed | Still being ascertained but not lees than $2,278,788.00 |
| 10. Mound Cotton Wollan & Greengrass<br>One Battery Park Plaza, New York, NY 10004 | Michael Koblenz, Esq.;<br>One Battery Park Plaza, New York, NY 10004, tel. 212-804-4200 | Trade debt (professional fees) | Undisputed | Still being ascertained but not lees than $161,332.41 |
| 11. The Law Offices of Moshe Popack<br>2413 Fisher Island Dr. Fisher Island, Fl 33109 | Moshe L. Popack, Esq., 2413 Fisher Island Dr., Fisher Island, Fl 33109 (516) 521-5110 | Trade debt (professional services) | Undisputed | Still being ascertained but not lees than $221,452.00 |
| 12. Zlata Stepanenko c/o Alexander Fishkin, Attorney at Law P.C. 366 Amsterdam Avenue # 176, New York, NY 10024 | Alexander Fishkin, Attorney at Law. P.C. 366 Amsterdam Ave. # 176, New York, NY 10024, tel. 917-591-1748 | Trade debt | Undisputed | Still being ascertained but not lees than $133,311.00 |
| 13. 19 SHC, Corp.<br>1421 Sheepshead Bay Road, #186, Brooklyn, NY 11235 | Joseph Paukman, Esq.<br>Sheepshead Bay Road, #186, Brooklyn, NY 11235 | Promissory note and confession of judgment | Undisputed | $13,249,020.00 |
| 14. Solby+Westbrae Partners c/o PPZ Law Firm, 33 Ivalio Str., Sofia, Bulgaria 1606 | Chad Pugatch, Esq.<br>Rice Pugatch Robinson & Schiller, P.A.<br>101 NE Third Avenue Suite 1800, Ft. Lauderdale, FL 33301<br>Tel. 954-462-8000 | Promissory note and confession of judgment | Undisputed | $15,639,375.00 |

| | | | | |
|---|---|---|---|---|
| 15. 8th Street Holdings, Inc.<br>c/o Friesner & Salzman<br>11 Grace Avenue<br>Post Office Bx 220400<br>Great Neck, NY<br>11022-0400 | Friesner & Salzman<br>11 Grace Avenue<br>Post Office Bx 220400<br>Great Neck, NY<br>11022-0400<br>Telephone (516) 487-1300 | | Disputed. | Still being ascertained but approximately $140,000 |
| 16. Hicham Azkour<br>2027 Lexington Avenue<br>New York, New York 10035 | Hicham Azkour<br>2027 Lexington Avenue<br>New York, New York 10035 | Trade debt/ lawsuit | Disputed | Not ascertained but not less than $50,000 |
| 17. Grosvenor Trading House, Limited<br>c/o Sternik & Zeltser<br>119 West 76th Street<br>New York, NY 10023 | Sternik & Zeltser<br>119 West 76th Street<br>New York, NY 10023<br>212-656-1810 | | | Not ascertained at this time |
| 18. JWL Entertainment Group, Inc.<br>c/o Sternik & Zeltser<br>119 West 76th Street<br>New York, NY 10023 | Sternik & Zeltser<br>119 West 76th Street<br>New York, NY<br>212-656-1810 | | | Not ascertained at this time |
| 19. Imedinvest Trust<br>c/o Moshe L. Popack, Esq., 2413 Fisher Island Dr., Fisher Island, Fl 33109 | Moshe L. Popack, Esq.,<br>2413 Fisher Island Dr.,<br>Fisher Island, Fl 33109<br>516-521-5110 | | | Not ascertained at this time |
| 20. 601/1700 NBC, LLC, 100 SE 2nd Street, Suite 2610<br>Miami, Florida 33131 | Yeshaya Kaminker<br>100 SE 2nd Street, Suite 2610<br>Miami, Florida 33131<br>786-837-6936 | Promissory note and confession of judgment | Undisputed | $2,390,355.00 |

# LITTLE REST TWELVE, INC.
## (The Corporation)

**Minutes and Resolutions of the Special Meeting of the Board of Directors and Shareholders of the Corporation Duly Called and Held on the 16th Day of June, 2011**

| | |
|---|---|
| **AGENDA:** | consideration of the proposed filing of a voluntary petition for bankruptcy under Chapter 7 of the U.S. Bankruptcy Code |
| **PRESENT in person and by telephone** | Olga Timofeyeva - Chairman and Director, Representative Imedinvest Partners, the Founding Shareholder and the ultimate beneficial owner of the Corporation.<br>Nina Zajic - CEO and Director<br>David Kay - Secretary and Director |
| **ALSO PRESENT:** | Joseph Kay - representative of Grosvenor Trading House Limited, the sole shareholder of Corporation (f/b/o Imedinvest Partners) |
| **CHAIRMAN AND SECRETARY:** | It was noted that Ms. Timofeyeva, was the Chair of the meeting and Mr. David Kay was the Secretary of the meeting |
| **ORDER:** | The Chairman called meeting to order |
| **NOTICE AND QUORUM:** | The Secretary noted that 100% of all directors were present, waved notice and constituted quorum |
| **PRIOR RESOLUTION:** | The Chair noted the Board's prior Resolution dated January 17, 2011, authorizing and empowering the CEO of the Corporation "*to file a voluntary petition for Chapter 11 bankruptcy at any time when she, in consultation with attorneys of the Corporation and, if needed, outside specialist counsel, deems it appropriate and in the best interests of the Corporation.*" Secretary was ordered to append a copy of the January 17, 2011 Resolution to these minutes. |
| **DELIBERATIONS:** | Due deliberations were held, the record of which is appended hereto |
| **RESOLUTIONS:** | Following deliberations, and having determined that the following Resolutions are in the best interests of the Corporation, its officers, directors and shareholders, and in accord with the corporate By-Laws, by affirmative vote of all directors, and upon approval and ratification of Imedinvest Partners and Grosvenor Trading Limited, it was unanimously |
| | **RESOLVED:**<br>**Due to the fact that the Corporation is no longer able to underwrite the costs of multiple continuing litigations and for other sound reasons set forth in the record of Deliberations appended to these Minutes, to authorize and direct the CEO of the Corporation to file a voluntary petition for Chapter 7 bankruptcy as soon as practicable.** |
| **CLOSE OF MEETING:** | There being no further business the Chairman order the meeting adjourned |
| **CERTIFICATION:** | The undersigned Officer and Director certifies that the foregoing Resolutions were duly and regularly adopted on the date first above mentioned. |

_____
Nina Zajic, CEO

1

# SUMMARY OF DELIBERATIONS
## Facts and documents considered and noted in consideration of the proposed resolution for chapter 7 bankruptcy filing
### (Speakers' names redacted)

■■■■ Before the Board is the most difficult decision we have had to make since we founded our great company in March 31, 2004: filing for Chapter 7 bankruptcy, which means putting the company in total liquidation. We will now need to recap the events that brought this very successful business to this tragic point. The Board and the esteemed shareholders will now hear the reports from the CEO and/or any other person in attendance who wishes to be heard.

## REPORT RE: GUSRAE KAPLAN/HAOUZI RAID ON LR12 PREMISES

■■■■ On March 31, 2010, Jean-Yves-Haouzi, former gen. mgr. of LR12, fired in Jan. '07 for theft and fraud (Resolution of Jan. 12, 2007) and two attorneys of the firm of Gusrae Kaplan, Martin Russo and Sarah Khurana, accompanied by twenty to thirty men armed with handguns and steel telescopic batons, forcibly entered LR12's premises (Ajna Bar) during non-business hours, commandeered the restaurant, and ejected its officers and directors. During the raid, Mr. Russo and Ms. Khurana falsely declared that they had "a signed Court Order" and described the armed intruders as "city marshals", according to affidavits of eyewitnesses.

On April 1, 2010, LR12 brought this outrageous and criminal conduct to the attention of Judge Fried of Supr. Ct of NY County. On April 2, 2010, following the hearing and Mr. Russo's "explanations" of his remarkable conduct, Judge Fried sua sponte entered an Order referring Mr. Russo and his client Haouzi, to the Manhattan District Attorney's Office for criminal investigation. On April 6, 2010, Judge Fried specifically reminded LR12's counsel of its instructions to present the matter to the District Attorney's Office. Pursuant to this Referral Order, LR12 submitted a memorandum and multiple contemporaneous affidavits of eyewitnesses of the raid to the New York County District Attorney's Office. On December 2, 2010, the Judge Frief ruled that describing the conduct of Haouzi and Russo on March 31, 2010, as a "raid" is "a perfectly legitimate characterization."

While apparently recognizing the criminal nature of the Gusrae takeover of LR12, Judge Fried, for over a year has not ruled upon LR12's motion for injunction seeking to remove the intruders from LR12's premises - - thus sealing the fate of LR12 and its legitimate ownership and management. Indeed, Judge Fried has not even begun considering LR12's application. Instead, he directed (over LR12's lawyers' objections), a hearing on Gusrae's application to be substituted as attorney for LR12. According to the transcript of April 6, 2010 Judge Fried indicated that the hearing should take no more than half a day. Directors of LR12 appealed Judge Fried's decision to the Appellate Division for the First Judicial Department. This appeal is continuing.

Although, Judge Fried has never formally ruled on, or even begun considering LR12's application for injunctive relief, the decision de facto has been made: by permitting the intruders to control LR12's premises and business, Judge Fried de facto took away LR12's business and property from its rightful owners and management. Since their 3/31/10 raid on LR12, and to this day, Haouzi and Gusrae firm have remained in control of LR12's premises and business, unlawfully collecting LR12's revenues and using them to finance this and related litigations. LR12's management has not been receiving salaries for over a year. LR12 is unable to conduct its business, pay its creditors, restructure its debts, pay its attorneys and indeed unable to continue prosecuting this and the related actions. LR12's business, in the hands of intruders, has been significantly altered anged and impaired and, even if LR12 is ever to get its business back, it is likely not to be the same, if at all.

Page 1

From the time of the raid and to the beginning of the year, the legal costs of court proceedings in connection with the March 31, 2010 takeover, reached nearly half a million dollars. LR12, being deprived of its revenues, which are esentially stolen by Haouzi and Gusrae firm, had to borrow these funds privately on the strength of personal guarantees of its directors.

## REPORT: LR12 DEBTS AS AT 2010 YEAR END

▪▪▪▪ As of the end of 2010, LR12 was indebted to a number of creditors, the largest portion of its debts resulting from its cross-corporate guarantees of the debts of Imedinvest Partners, LRT's founding shareholder. LR12 had never expected to be called upon to make good on this debt, which represented its guarantee of the debt of Imedinvest in connection with Imedinvest's expenditures in Spain, Morocco and Georgia. Because of the global crisis and significant reduction in value of Imedinvest's assets, it was unable to pay its debts, and Little Rest Twelve (and its sister companies) found itself on the hook for the kind of money it could never afford to pay. Specifically, LR12 is indebted under a negotiable promissory note dated 1/9/09, from LR12 (jointly severally and collectively with Fisher Island Investments Inc., and Mutual Benefits Offshore Fund, Ltd.) to Areal Plus Group (or its successors) in the sum of $31,029,375.00 ($28.500,000.00 principal +$2,529,375.00 interest) The Note is secured by all assets of the Corporation. The Note is in default since 10/30/09. LR2's attorneys advised that LR12 has no defenses to its liability under the Note.

LR12's management had a number of discussions with Areal's principals, who were always friendly to LR12 and to its sole shareholder Imedinvest. In the past, Areal had never had a problem accommodating LR12 in terms of providing extension, restructuring and simply not demanding immediate performance under the note and other agreements between LR12 and Areal. However, the situation has changed because LR12 is no longer in control of LR12's premises and business. A legitimate question from the creditors is: "how can you guys promise anything when you have no control over your own business?" Also, their legitimate position is: "we don't care who owns LR12, so long as we get our money."

In addition, LR12 (jointly w/ Fisher Island and other Imedinvest's holdings) is indebted to Axafina, Inc. and Ajna Brands, Inc. for services and licensing fees in the amount of $857,779.98. Also, Axafina currently holds two checks from LR12, returned unpaid by the bank, as a result of the March 31, 2010 takeover (check # 095 for $11,355.98, and check # 80436 for $34,655.00) to a total of $46,010.98.

LR12 is indebted to its various attorneys (jointly w/ other Imedinvest's companies) including Sternik & Zeltser, Alexander Fishkin, Esq., the Finkelstein Firm, Mound Cotton, and William Walzer, Esq. in the aggregate amount of over $3 million. These debts are undisputed and LR12 has no legitimate defenses to them. In addition, the law firm of Baker Hostetler is claiming legal fees as against LR12 in the amount of $361,423.31. This is in dispute because LR12 and its principals believe that Baker Hostetler, while acting as our counsel, secretly advocated for our adversaries in various litigations, causing LR12 and its principals grave harm. BH initially filed a lawsuit against LR12, but after LR12 filed a disciplinary complaint against BH, it agreed to dismiss the lawsuit and submit to binding arbitration. Mound Cotton had already refused to provide further services to LR12 in April of 2010 until their invoices are paid down. LR12's management believes that the only reason MC has not yet commenced a lawsuit against LR12 is out of respect for Emanuel Zeltser and Alex Fishkin, our attorneys since LR12's inception. As much as LR12 is grateful to Messrs. Zeltser and Fishkin for their not dumping us at this critical moment, LR12 cannot expect them to work for much longer with no compensation.

Other debts exist, which LR12 and its officers and directors are unable to accurately ascertain because the corporate records are in the hands of Haouzi and Gusrae firm.

No officer or director of LR12 has received salary or any compensation since April of 2010, including the monies owed to them prior to Haouzi/Gusrae criminal raid. LR12 has been unable to conduct its business since March 31, 2010, and being deprived of its revenues, and is unable to pay its creditors, restructure its debts, pay its attorneys and indeed unable to further continue the legal proceedings with no end in site.

## REPORT: BANKRUPTCY PROCEEDINGS

▪▪▪▪ On January 17, 2011, the Board passed Resolution authorizing LR12's CEO Ms. Zajic to file a voluntary petition for Chapter 11 bankruptcy. LR12's directors, together with the partners of Imedinvest negotiated with the principal creditors a pre-packaged re-organization plan under which LR12 and its sister-companies would exchange significant amount of its equity for the forgiveness of LR12's debts.

Unfortunately, Ms. Zajic procrastinated, being unwilling to "pull the trigger" on the business which she built from its start. As a result, on March 17, 2011, several LR12's creditors commenced an involuntary bankruptcy proceedings against LR12 in the U.S. Bankruptcy Court for the Southern District of Florida. (In re: Little Rest Twelve, Inc. Case No. 11-17061-AJC)

LR12 promptly admitted its liability and consented to the bankruptcy relief requested by the creditors. However, the Bankruptcy Judge Cristol declined to stay other proceedings, including the proceedings before Judge Fried.

Unable to underwrite the cost of multiple litigations, LR12 removed the case titled LR12 v. Visan, Index No. 600676-2007, to the U.S. District Court for the Southern District of New York in order to seek its transfer to the Florida Bankruptcy Court.

Gusrae Kaplan moved for remand and the matter is now before U.S. District Judge Koeltl.

The multiple litigations to date has cost LR12 and its directors over $700,000. Attorneys advise that further costs of proceedings before various courts may run into additional hundreds of thousands of dollars, and, in the event of appeals, much more. Although the attorneys believe that LR12 will eventually prevail, there is never any guarantee, and further advise that there is no telling when the possession of LR12's management to LR12's business will be restored.

Because there is no stay in the bankruptcy proceedings in the Florida Bankruptcy Court, the creditors are free to file new proceedings against LR12.

Based on this and other considerations, which are of confidential and privileged nature, and which our attorneys discussed with all of us, it appears that LR12's only choice at this time is the Chapter 7 bankruptcy filing.

# GROSVENOR TRADING HOUSE LIMITED
## (The Company)

**Minutes and Resolutions of the Special Meeting of the Board of Directors and Shareholders of the Company Duly Called and Held on the 16th Day of June, 2011**

| | |
|---|---|
| **AGENDA:** | Consideration of authorizing and directing Nina Zajic, CEO of Little Rest Twelve, Inc., the wholly-owned subsidiary of the Company to cause the filing of a voluntary petition for bankruptcy under Chapter 7 of the U.S. Bankruptcy Code on behalf of Little Rest Twelve, Inc. |
| **PRESENT in person and by telephone** | David Kay - Director<br>Moshe Popack, Esq. Director<br>Joseph Kay - Representative Imedinvest Partners, the Founding Shareholder and the ultimate beneficial owner of the Company.<br>Joseph Kay - representative of Grosvenor Trading House Limited, the sole shareholder of Company (f/b/o Imedinvest Partners) |
| **CHAIRMAN AND SECRETARY:** | It was noted that Mr. Popack was the Chair of the meeting and Mr. David Kay was the Secretary of the meeting |
| **ORDER:** | The Chairman called meeting to order |
| **NOTICE AND QUORUM:** | The Secretary noted that 100% of all directors were present, waved notice and constituted quorum |
| **PRIOR RESOLUTION:** | The Chair noted the Board's prior Resolution dated January 17, 2011, authorizing and mpowering the CEO of Little Rest Twelve, Inc., *"to file a voluntary petition for Chapter 11 bankruptcy at any time when she, in consultation with attorneys of the Company and, if needed, outside specialist counsel, deems it appropriate and in the best interests of the Company."* |
| **DELIBERATIONS:** | Due deliberations were held and everyone who wished to address the meeting was heard. It was noted: |

[a] that the Company and its wholly owned subsidiary Little Rest Twelve, Inc. are justly indebted to third parties in the sum exceeding US$35 million;

[b] that neither the Company nor Little Rest Twelve, Inc. is able at this time to repay any portion of the above indebtedness;

[c] that directors of the Company and of Little Rest Twelve, Inc. are personally liable for at least 25% of the indebtedness;

[d] that several creditors filed an involuntary petition for bankruptcy against Little Rest Twelve, Inc. in the United States District Court for the Southern District of Florida;

[e] that although Little Rest Twelve, Inc. admitted its liability and consented to relief requested by the creditors, the court did not stay any actions against Little Rest Twelve;

[f] that new creditors are threatening lawsuits nearly every day, including lawsuits against the directors personally;

[g] that we know that the group that took over the premises of Little Rest Twelve

**RESOLUTIONS:** Following deliberations, and having determined that the following Resolutions are in the best interests of the Company and in accord with the corporate By-Laws, by affirmative vote of all directors, and upon approval and ratification of Imedinvest Partners, it was unanimously,

**RESOLVED:**

Due to the fact that the Company and its wholly-owned subsidiary Little Rest Twelve, Inc. are unable to underwrite the costs of multiple continuing litigations in different courts and states, and for other sound reasons, to authorize and direct the CEO of Little Rest Twelve, Inc., acting as true agent of Grosvenor Trading House Limited and of Little Rest Twelve, Inc., to file a voluntary petition for Chapter 7 bankruptcy for Little Rest Twelve, Inc. as soon as practicable.

**CLOSE OF MEETING:** There being no further business the Chairman order the meeting adjourned

**CERTIFICATION:** The undersigned Officer and Director certifies that the foregoing Resolutions were duly and regularly adopted on the date first above mentioned.

_[signature]_