

**ORDERED in the Southern District of Florida on March 13, 2015.**

A. Jay Cristol, Judge
United States Bankruptcy Court

_____

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA

In re:

LITTLE REST TWELVE, INC.,

      Debtor.
_____/

Case No. 11-31773-AJC

Chapter 7

### ORDER GRANTING LITTLE REST TWELVE'S MOTION FOR SANCTIONS FOR UNAUTHORIZED AND BAD FAITH FILING OF BANKRUPTCY PETITION

THIS MATTER came before the Court on January 8, 2015, at 2:00 p.m. ("Hearing"), upon Little Rest Twelve Inc.'s *Motion for Sanctions for Unauthorized and Bad Faith Filing of Bankruptcy Petition* [ECF No. 12] ("Motion"). The Motion seeks an award of sanctions in favor of Little Rest Twelve, Inc. ("LR12"), and against Emanuel Zeltser, Nina Zajic, and any other parties that caused the filing of this voluntary chapter 7 bankruptcy case. The Court, for the reasons set forth below, all of which are in the record and well known to this Court having presided over this action and related matters for nearly four years, finds it appropriate to enter the relief sought in the Motion against Mr. Zeltser.

1

## Background

LR12, which used to operate a restaurant in New York City's Meatpacking District, was one of several entities involved in a global dispute between two factions as to the ownership and control of Arkadi Patarkatsishvili's assets. Those proceedings are more comprehensively discussed in this Court's *Memorandum Opinion Granting Summary Judgment* [Case No. 11-17061-AJC, ECF No. 369] entered in LR12's involuntary chapter 11 bankruptcy case. During the course of the involuntary proceedings, Mr. Zeltser filed this voluntary chapter 7 case in New York. At that time, a New York state court action styled *Little Rest Twelve, Inc., et al., v. Raymond Visan, et al.*, Index No. 600676/07 was pending, for several years, before Justice Bernard J. Fried in the County of New York Supreme Court of the State of New York. For the reasons discussed herein, the Court finds that Mr. Zeltser initiated the instant voluntary chapter 7 bankruptcy case in bad faith and for an improper purpose.

A. <u>Act I: The Involuntary Chapter 11 Bankruptcy Case</u>

On March 17, 2011, six petitioning creditors filed an involuntary chapter 11 bankruptcy petition against LR12 and two other entities, Fisher Island Investments, Inc. and Mutual Benefits Offshore Fund, Ltd. Almost immediately thereafter, Mr. Zeltser, through local counsel, Mr. DiBello, filed answers consenting to the involuntary petitions and admitting the allegations therein. LR12 immediately moved to strike the consents spawning an ownership and control dispute before this Court in the involuntary bankruptcy cases. Meanwhile, this Court granted relief from the automatic stay to allow Judge Fried to proceed with his own examination of who was authorized to represent LR12 in the New York state court action.

At this first hearing in the involuntary chapter 11 case, Mr. Zeltser appeared before this Court, purporting to act for LR12, and acknowledged that he had discussed the filing of the

involuntary petitions with counsel for the petitioning creditors and that they decided to file the involuntary petition against LR12 for the purpose of bringing the ownership dispute to this Court. He consented to the jurisdiction of this Court to decide the ownership dispute. The Court, upon consent of both factions, issued an order in the involuntary chapter 11 case setting a trial on ownership and control of LR12 and appointed an independent examiner to investigate the issue, as well as other issues associated with the involuntary case.

B. <u>Act II: Removal and Remand</u>

Having granted stay relief to allow the New York state court action to proceed, and with a hearing quickly approaching, Mr. Zeltser removed the New York state court action to district court and attempted to transfer venue to this Court. In response, LR12 filed a motion to remand, which was granted by the district court judge. Upon remand, the hearing on who was authorized to represent LR12 was conducted in the New York state court action and the judge presiding over the action gave a preliminary indication from the bench that he was inclined to rule against Mr. Zeltser.

C. <u>Act III: The Second Bankruptcy</u>

This voluntary chapter 7 case bankruptcy case was commenced on July 19, 2011 in New York by Mr. Zeltser and purportedly authorized by Nina Zajic, David Kay, Joseph Kay (on behalf of Grosvenor Trading House Limited) and Olga Timofeyeva (on behalf of Imedinvest Partners). A chapter 7 trustee was appointed. LR12 moved to transfer venue of this second bankruptcy case to this district. Pursuant to section 1412 of title 28, this Court entered an order in the involuntary chapter 11 case transferring venue of the voluntary chapter 7 case to this Court. This matter was contemporaneously abated while the ownership dispute was litigated in the involuntary chapter 11 case.

D. Act IV: Mr. Zeltser's Ownership Claims are Meritless

The New York state court resolved the authorized representative action against Mr. Zeltser and in favor of the representatives of LR12 in this action and the related involuntary chapter 11 case. The examiner appointed in the involuntary chapter 11 case reported that Mr. Zeltser's claims meritless. This Court granted summary judgment against Mr. Zeltser and that order was recently affirmed by the Court of Appeals for the Eleventh Circuit.

E. Act V: Dismissal and Sanctions

The office of the United States Trustee moved to dismiss this case and this Court granted that motion, but *sua sponte* reserved jurisdiction to enter sanctions against Mr. Zeltser and any other parties responsible for filing this voluntary chapter 7 case under the circumstances. LR12's Motion followed, which was opposed by Mr. Zeltser and others by formal objection [ECF Nos. 17 and 38]. At the Hearing, the Court heard argument from counsel for LR12 and Mr. Zeltser, himself, on behalf of himself and the other parties to the Motion. The objections and oral arguments of Mr. Zeltser contain little by way of meritorious argument in opposition to this Court's authority to sanction, or rebutting the facts known to this Court regarding Mr. Zeltser's conduct and the facts described herein.

## Discussion

This Court has both the inherent and statutory authority to sanction both attorneys and litigants. *Chambers v. NASCO, Inc*., 501 U.S. 32 (1991); *In re Walker*, 532 F.3d 1304 (11th Cir. 2008); *Byrne v. Nezhat*, 261 F.3d 1075, 1121 (11th Cir. 2001); 11 U.S.C. § 105(a). Sanctions under the court's inherent powers can be assessed when a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons, has delayed or disrupted litigation, or has taken actions in the litigation for an improper purpose. *Chambers*, 501 U.S. at 45-46. "A finding of

4

bad faith is warranted where an attorney knowingly or recklessly raises a frivolous argument, or argues a meritorious claim for the purpose of harassing an opponent. A party also demonstrates bad faith by delaying or disrupting litigation or hampering of a court order." *Walker*, 532 F.3d at 1309. Section 105 of the Bankruptcy Code expressly grants this Court the independent statutory authority to "carry out the provisions of" the Code through "any order, process, or judgment that is necessary or appropriate." 11 U.S.C. § 105(a).

      Here, it is clear from the facts in the record in this case and the involuntary chapter 11 bankruptcy cases that Mr. Zeltser acted improperly and in bad faith in filing the voluntary chapter 7 bankruptcy case for LR12.  First, Mr. Zeltser knew of the pending ownership and control dispute which cast doubt as to the corporate authority to file the voluntary chapter 7 bankruptcy case for LR12.  Mr. Zeltser himself appeared before this Court in the then-pending involuntary chapter 11 bankruptcy cases, acknowledged the ownership dispute and specifically asked this Court to adjudicate that dispute.  However, while the issues were pending before the Court, and prior to their adjudication, Mr. Zeltser filed the voluntary chapter 7 case for LR12.  As it turns out, pursuant to this Court's order in the involuntary chapter 11 case, he lacked the corporate authority to do so.  His actions in filing the voluntary chapter 7 petition when he did amount to bad faith and sanctions are appropriate pursuant to this Court's inherent power. *See Matter of Yorkshire, LLC*, 540 F.3d 328 (5th Cir. 2008); *see also Chitex Commc'n, Inc. v. Kramer*, 168 B.R. 587 (Bankr. S.D. Tex. 1994).  Mr. Zeltser's attempts to distinguish the instant case from the foregoing cases are unavailing.  As the Eleventh Circuit recently opined in affirming this Court's ownership decision against Mr. Zeltser's clients, there were no genuine issues of material fact as to the ownership of LR12.  *In re Fisher Island Investments, Inc*., Case No. 12-15595, __ F.3d __ , *49 (11th Cir. Feb. 20, 2015).

5

Moreover, the Court finds that the filing itself was for the improper purpose of delaying an imminent adverse ruling on ownership and control of LR12 in both the New York state court action and the involuntary chapter 11 bankruptcy case. *See, e.g., In re Piazza*, 719 F.3d 1253 (11th Cir. 2013); *General Trading Inc. v. Yale Materials Handling Corp.*, 119 F.3d 1485, 1501-02 (11th Cir. 1997); *In re Phoenix Picadilly, Ltd.*, 849 F.2d 1393 (11th Cir. 1988); *see also* Bankruptcy Rule 9011. Toward that end, Mr. Zeltser engaged in forum shopping. He collaborated with the petitioning creditors in orchestrating the filing of the involuntary chapter 11 bankruptcy petitions in Florida, and he attempted unsuccessfully to remove the New York state court action to this district. Finally, Mr. Zeltser filed the voluntary chapter 7 bankruptcy case in New York -- while the involuntary chapter 11 cases were still pending before this Court and the issue of ownership was being litigated here. Although Mr. Zeltser states his purpose in filing the voluntary chapter 7 bankruptcy case was to protect the "legitimate" creditors of LR12, that remedy was already available and in place in the pending involuntary chapter 11 bankruptcy. The Court finds Mr. Zeltser's statements ring hollow. He is simply not believable. Accordingly, the Court gives no weight to Mr. Zeltser's *ex post facto* argument. *In re Better Care, Ltd.*, 97 B.R. 405, 409 (Bankr. N.D. Ill. 1989) (if "it smells like bad faith, it's got to be bad faith"). This Court believes that Mr. Zeltser's filing of the voluntary chapter 7 bankruptcy petition in New York, while the involuntary chapter 11 case was pending in Florida, was in bad faith for an improper purpose and sanctions against Mr. Zeltser are appropriate under the circumstances.

At the hearing, Mr. Zeltser argued that he had been released of all claims for sanctions against him pursuant to a partial settlement and release entered into in the involuntary case of Fisher Island Investments, Inc., Case No. 11-17047-BKC-AJC. The Court is familiar with the settlement and release and does not believe that the settlement and release releases Mr. Zeltser

from an award of sanctions against him in this case. The Court has reviewed paragraph 3 of the Obligations, as directed by Mr. Zeltser, but does not find that it supports Mr. Zeltser's position.

Therefore, it is –

**ORDERED AND ADJUDGED** that the Motion is **GRANTED** with respect to Mr. Zeltser as follows:

1. The Court will conduct an evidentiary hearing on April 30, 2015 at 3:00 p.m. at the United States Bankruptcy Court, C. Clyde Atkins U.S. Courthouse, 301 North Miami Avenue, in Courtroom 7, Miami, Florida 33128 to consider the appropriate sanctions to award against Mr. Zeltser, including the amount of any monetary sanctions.

2. To the extent the Motion seeks sanctions against the other parties that caused the filing of the LR12 voluntary chapter 7 bankruptcy case, the Court reserves ruling until the conclusion of an evidentiary hearing on the issue of liability for sanctions as to each of these parties, which evidentiary hearing will be held on June 11, 2015 at 3:00 p.m. at United States Bankruptcy Court, C. Clyde Atkins U.S. Courthouse, 301 North Miami Avenue, in Courtroom 7, Miami, Florida 33128.

3. The parties to the evidentiary hearings referenced in this Order are authorized to conduct discovery in advance of the evidentiary hearing pursuant to Bankruptcy Rule 9014.

4. The Court retains jurisdiction over all parties with respect to any matters, claims, or rights arising from or related to the implementation and interpretation of this Order.

### 

Copies furnished to:

Emanuel Zeltser, Esq.
Patricia Redmond, Esq.

Attorney Redmond is directed to serve a conformed copy of this order upon all interested parties immediately upon receipt of same and shall file a certificate of service with the Court.